IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELLY WINKLEMAN, #B84057,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No.: 3:08-cv-00369-MJR-PMF** |
| ) | |
| **DR. ADRIAN FEINERMAN,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Defendant Feinerman's Motion for Summary Judgment (Doc. 47). Plaintiff has filed a Response to Defendant Feinerman's Motion for Summary Judgment (Doc. 50). Having determined that no factual disputes exist that would require a hearing on the matter, the Court **RECOMMENDS** that Defendant Feinerman's Motion for Summary Judgment be **GRANTED**, and that judgment enter in favor of Defendant Feinerman.

## FACTUAL BACKGROUND

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In August 2006, Plaintiff was seen by a nurse at Menard who observed his fingernail infection, and referred him to Defendant, who, until October 2009, was the Medical Director at Menard Correctional Center. Plaintiff was first seen by Defendant on October 25, 2006, and again on January 5, 2007. During these visits, Plaintiff

showed Defendant his fingernails which were yellowed, and Defendant diagnosed Plaintiff with onychomycosis; a fungal infection of the nail.  Plaintiff requested that Defendant prescribe him Lamisil for treatment, but Defendant refused to oblige.  Plaintiff claims that Defendant refused to prescribe Lamisil because of its expense.  Defendant, however, stated that he discourages treatment of onychomycosis because it is a condition that is asymptomatic, not highly contagious, treatments are lengthy and not guaranteed to cure the condition, treatments have the potential for significant side effects including liver damage, and the likelihood of recurrence is high.  Only in circumstances where a patient's livelihood depends on cosmetically appealing nails would Defendant recommend treatment.  For a patient who is incarcerated, however, Defendant does not believe that the benefits outweigh the risks.

Defendant's fungal infection that previously extended to some of his nails progressed to multiple fingernails and multiple toenails.  The infection resulted in the nails being discolored, disfigured and thickened.  As a result of his infection, Plaintiff claims that he suffers from pain if his fingers and toes come into contact with anything, and that as a result of this pain, Plaintiff cannot open packages, cannot clip his fingernails or toenails with the nail clippers allowed by Menard Correctional Center, cannot always zip his pants, has difficulty brushing his teeth, and endures a certain degree of pain while lying in bed.

## APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court

must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. In order to defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir.2006), *cert. denied*, 549 U.S. 1210, 127 (2007), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

      The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to that need. *Estelle* 429 U.S. at 104; *Gutierrez v. Peters*, 111 F. 3d. 1364, 1369 (7th. Cir. 1997). In order to prevail on an Eighth Amendment medical care claim, a prisoner has a two-pronged test that includes both objective and subjective components. A prisoner must first adduce facts from which a reasonable jury could infer that he had a serious medical need, i.e. the objective component, in order to withstand summary judgment. Second, the prisoner must demonstrate that the prison officials were deliberately indifferent to that need, i.e. the subjective component. *Knight v. Wiseman*, 590 F3d 458, 463 (7th Cir. 2009).

      With respect to the objective component, a "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person could easily recognize the necessity for medical treatment by a doctor. *Id*. With respect to the subjective component, the Plaintiff must demonstrate that the Defendant was actually aware of a

serious medical need, but then was deliberately indifferent to it. *Id.* "Medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an 8th Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). Medical malpractice does not become a constitutional violation merely because the patient is an inmate, and a complaint that a medical provider has been negligent in diagnosing or treating a medical condition of an inmate does not state a valid claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Gross negligence does not constitute deliberate indifference either. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Instead, the Plaintiff must establish that the treatment provided was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

## RECOMMENDATION

The Court has some doubts whether nail fungus or onycomycosis constitutes a serious medical need. A review of the case law of the Seventh Circuit has not proven definitive on the issue. Only one case from a sister federal trial court in the Seventh Circuit has addressed whether nail fungus constitutes a serious medical need.

In *Villanueva-Monroy v. Hobart*, No. 05-C-214-C, 2005 WL 1364398 (W.D.Wis. June 7, 2005), a federal inmate complained about not being given oral medication for his nail fungus in lieu of a topical medication that proved ineffective. The Court noted that the Harvard Medical School Family Health Guide noted serious side effects from oral treatment, including liver damage resulting in liver failure and death or congestive heart failure. The Court concluded that health officials may weigh the serious side effects against the potential benefit of improving a relatively minor condition. The claim was dismissed for failure to state a claim upon which

4

relief may be granted because the facts did not show deliberate indifference to a serious medical need.

In the present case, the facts as alleged by Plaintiff do not show that his condition was so critical that it amounted to a serious medical need. Plaintiff alleges that his condition causes pain that interferes with his daily activities. During Plaintiff's deposition, however, Plaintiff did not have any visible infection on two of his fingers, and more importantly, Plaintiff's nails did not have any bleeding, there was no scabbing, and his nails were not causing him any pain. The facts, as developed, do not appear to support the contention that Plaintiff's condition rises to the level of a "serious medical condition."

Moreover, the facts reveal that Defendant was not indifferent to Plaintiff's condition. Rather, the facts show that Plaintiff sought consultation from Defendant on two separate occasions. During these visits, Defendant diagnosed Plaintiff, but nonetheless refused to treat Plaintiff's condition because of the belief that any benefits of treatment would be outweighed by the potential risks. Furthermore, other medical staff at Menard Correctional Center provided Plaintiff with antifungal cream, and advised him to keep his feet clean and dry. In essence, Defendant – and his staff – did not ignore Plaintiff, but rather, listened to his concerns, and concluded that potentially harmful treatment was not necessary.

Plaintiff, therefore, has failed to allege facts from which a "serious medical need" can be inferred, and, even if Plaintiff's medical need was serious, that Defendant was "deliberately indifferent" to that need.

Defendant also argues that, at a minimum, he is entitled to qualified immunity. Plaintiff has failed to counter this argument in his Response. Even if Defendant's actions rose to the level of deliberate indifference to a serious medical need, qualified immunity protects public officials

from personal liability unless it should have been clear to a reasonable public official that his conduct was unlawful in the situation he confronted. *Hosty v. Carter*, 412 F.3d 731, 738 (7th Cir. 2005). "Qualified immunity shields an official from suit [for damages] when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law regarding the circumstances she confronted." *Id.* at 739 *citing Brosseau v. Haugen,* 543 U.S. 194, 125 S.Ct. 596, 599 (2004). Plaintiff has failed to show that at the time of the events alleged in his Complaint, the Courts definitively recognized failure to treat fungal nail infections as a violation of the Eight Amendment.

For the reasons stated above, **IT IS RECOMMENDED** that Defendant Feinerman's Motion for Summary Judgment (Doc. 47) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**SO RECOMMENDED.**

**DATED: <u>December 6, 2010.</u>**

*/s/ Philip M. Frazier*
**HON. PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
